**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS   DIVISION**

| | | |
|---|---|---|
| **NASSER ZOUBI** | ) | |
| | ) | |
| **v.** | ) | **3-06-CV-840-M** |
| | ) | **(3-05-CR-29-M)** |
| **UNITED STATES OF AMERICA** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation

thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions

and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a motion for habeas corpus relief filed by a federal inmate pursuant to

28 U.S.C. § 2255.

**Statement of the Case**: Pursuant to a plea agreement Nasser Zoubi entered a plea of guilty

to count 1 of the indictment and was thereafter sentenced to a term of 38 months, followed by a two-

year term of supervised release and restitution in the amount of $142,913.89.  In accordance with

the plea agreement on motion of the government count 2 of the indictment was dismissed.

Zoubi filed a direct appeal which was subsequently dismissed on his motion.  Thereafter he

filed the present § 2255 motion to which the government filed a response.

**Findings and Conclusions**: In his motion Zoubi attacks the voluntariness of his guilty plea

and his counsel's representation at his sentencing.

Insofar as he attacks his guilty plea, the record conclusively establishes that the same is

without merit.  It is somewhat unclear as to the basis for this contention although it appears he

contends that he would not have pleaded guilty had he known he would have received a 37 month

sentence. This contention fails to state a cognizable claim. The record shows that he was fully

informed of the maximum penal exposure in both the plea agreement in the colloquy with the court.

He was likewise informed that the court had the authority to sentence him to any term which did not

exceed the statutory maximum and that he would not be allowed to withdraw his guilty plea merely

because it exceeded the term which he expected to receive. See e.g. Plea Agreement at page 2.

His claim that his counsel failed to render effective assistance is likewise without merit. His

claim that his attorney failed to conduct an investigation to discovery mitigating evidence is wholly

conclusary in that he identifies no facts which might have been uncovered or how such information

would have affected the sentence imposed, which was the minimum sentence under the calculated

range of imprisonment under the Sentencing Guidelines. Lockett v. Anderson, 230 F.3d 695, 713

(5th Cir. 2000); see also Presentence Report at 10, ¶ 54. Moreover, as a result of the objection filed

by his attorney, the restitution calculation was reduced from $392,007.09, Id. at 63, to $142,913.89,

see Addendum to Presentence Report at 7, ¶ 60.

A motion for downward departure under U.S.S.G. § 5K2.20 would have been futile, if not

frivolous. Rather than being an instance of aberrant behavior. Movant's conduct demonstrates a

continuous course of illegal conduct beginning in May 2003 involving misuse of credit card

information. See Factual Resume at 2; see also Presentence Report at 2-3 ¶¶ 11-17. Further, at the

time of his sentencing Zoubi had previously been convicted of a state law felony. Id. at 6, ¶ 32.

With respect to issues relating to his alien status it is absolutely clear that the court was well

aware of the fact that Zoubi was subject to deportation. The fact that his status as a deportable alien

foreclosed certain benefits under 18 U.S.C. § 3624 (c) did not render his case as atypical, i.e. falling

outside the heartland of cases contemplated by the sentencing guidelines. U.S.S.G. § 5K2.0(a)(2).

Therefore, he can neither show that counsel's failure to seek a downward departure on this basis fell

below an objective standard of reasonableness, nor that there is a reasonable probability that, but for

this omission, the court would have imposed a sentence of less than 37 months imprisonment.

United States v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). Finally, § 5K3.1 does not apply to the

offense for which Movant was convicted and a motion for downward departure under this provision

can only be made by the government.

**RECOMMENDATION**:

　　　For the foregoing reasons it is recommended that Zoubi's § 2255 motion be denied and

dismissed.

　　　A copy of this recommendation shall be transmitted to Movant.

　　　SIGNED this 1st day of December, 2006.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　WM. F. SANDERSON, JR.
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**NOTICE**

　　　In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.